## Gregg, Son & Co., Plffs. in Err., *v.* M. L. George.

If one becomes surety of the note of a married woman given for the purchase of personal property, in consequence of his knowledge that she had available means of her own with which to meet the note, then the purchase is made not upon her merely personal credit, but upon the credit of her separate estate.

(Decided November 1, 1886.)

'Argued October 20, 1886, before Gordon, Trunkey, Sterrett, and Green, JJ. October Term, 1886, No. 219, W. D. Error to the Common Pleas of Washington County to review a judgment upon a feigned issue in favor of claimant of goods levied upon by a sheriff. Affirmed.

Under a fi. fa. issued by Gregg, Son & Company against one Joseph J. George, the sheriff levied upon the contents of a country store found in the possession of Mr. George. This store having been claimed by George's wife, the defendant in error, the court at the instance of the sheriff awarded the usual issue. It was shown that Mrs. George became the wife of the defendant in the execution in April, 1877; that she had then a separate estate amounting to about $2,000; and that in December, 1877, her husband being then insolvent, she obtained one Thomas McFadden to buy for her at public sale a small drug store, which was being sold by James France, assignee of one Burns. As to this transaction, James France testified as follows: "I think this sale amounted to $125; this sale was in December, 1877; the lump sale was on a credit of three months; I took a note from

NOTE.—Prior to the act of June 3, 1887, a married woman could purchase property on the credit of her separate estate without liability to the husband's creditors (Shuster v. Kaiser, 111 Pa. 215, 2 Atl. 110; Sixbee v. Bowen, 91 Pa. 149; Rogers v. McDowell, 134 Pa. 424, 21 Atl. 166); but not upon her personal credit or earnings. Bucher v. Ream, 68 Pa. 421; Bower's Appeal, 68 Pa. 126; Milne v. Henry, 40 Pa. 352. Since the act of 1887, she may purchase on her own credit (Campe v. Horne, 158 Pa. 508, 27 Atl. 1106; Evans v. Evans, 155 Pa. 572, 26 Atl. 755); or with her own earnings. Wayne v. Lewis, 1 Monaghan (Pa.) 305, 16 Atl. 862; Walter v. Jones, 148 Pa. 589, 24 Atl. 119.

M. L. George, with Thomas McFadden as security; the note was paid by the plaintiff." Mrs. George's own evidence as to this sale, and as to the suretyship of McFadden, is as follows:

*Q.* Who bid this property off, this drugstore, at the public sale?

*A.* Thomas McFadden.

*Q.* Who requested him to do that?

*A.* I did.

*Q.* Where is Thomas McFadden?

*A.* In Oregon.

*Q.* How long did Mr. McFadden know you?

*A.* He knew me from my infancy.

*Q.* Did he know your ancestors before you?

*A.* Yes, sir.

*Q.* Your grandfather?

*A.* Yes, sir.

*Q.* Mr. McFadden was raised in that community?

*A.* Yes, sir.

*Q.* Did Mr. McFadden know of your having a separate estate?

*A.* Yes, sir, he did.

Plaintiff presented the following points:

1. If the plaintiff, at the time of the purchase of the stock of goods from James France, assignee of Wm. Burns, was possessed of a separate estate, she might purchase said stock of goods on the credit of such separate estate and if she afterwards paid for them with money belonging to her separate estate, her title to the goods so purchased is good as against her husband and his creditors. *Ans.* Affirmed.

2. If the jury believe from the evidence that the original stock of goods purchased by the plaintiff was paid for with money belonging to her separate estate, and that the stock, levied upon by the sheriff under the execution issued by the defendants, has been purchased with money realized from the merchandise business, of which the stock of goods purchased from James France, assignee of William Burns, was the beginning, together with other moneys belonging to plaintiff's separate estate, the verdict should be for the plaintiff. *Ans.* Affirmed.

Defendants presented the following points:

1. Under all the testimony in this case the verdict must be for the defendants.

2. There being no evidence showing or tending to show that the original purchase of the store levied upon was made upon the credit of the plaintiff's separate estate, and the burden of such proof being upon the plaintiff, the verdict must be for defendants. *Ans.* Both points refused.

The court, HART, J., charged the jury as follows:

"As said in a very recent case by our supreme court, 'It is certainly well settled by the decisions of this court that a *feme covert* cannot buy personal estate upon merely personal credit; if she does, her husband's creditors may seize and sell it for his debts. If, however, she is the owner of a separate estate, she may contract upon the credit of that estate; or rather, that estate will give her a foundation for credit, and her title thus acquired will be good, not only as against her husband, but against his creditors.'

"So, gentlemen, applying that principle of law to this case, the plaintiff, Mrs. George, if at the time she purchased this drug store—which has since been levied upon, and the property of which is claimed by her—if at that time she was possessed of no separate estate of her own, she could not buy it upon her personal credit so as to save it from being seized and sold by the creditors of her husband. It is incumbent upon her to clearly satisfy you that at the time she made this purchase she had separate means of her own to pay for it, and that she obtained the three months' credit upon which she purchased, upon the credit of her separate estate.

"Now, gentlemen of the jury, if you believe the testimony of Mrs. George, corroborated as it is by record evidence and by the deposition of Mr. France, and also Mrs. James Thompson, it would seem that some time before the purchase of this drug store her husband had become entirely insolvent, and was so badly involved that the last creditor who had recovered a judgment of $300 against him sold even his furniture, and left him entirely stripped; and the testimony of the wife is that since that time he has not been gaining anything, and is as poor to-day as he was then; and under those circumstances—her husband being a poor man and entirely insolvent—having some means of her own, in order to support the family she made this purchase of this drug

store. Now she tells you, and if you believe her story there can be no doubt of it, she was possessed of a considerable separate estate; she had a thousand dollars or so, invested in government bonds, and other means of which she speaks in her testimony. The drug store was sold to her by the assignee of a man named Burns, and purchased by her for the sum of $125, and, as is usual in such sales, a credit of three months was given.

· "[Now, gentlemen, the pinch of the case seems to be just here. If you are satisfied from all the evidence as to the insolvency of the husband, and of the knowledge of Mr. Thomas McFadden, who became the surety of Mrs. George upon the note given to the assignee of Burns, that she had a separate estate; and that Mr. McFadden became the surety on this note in consequence of his knowledge of Mrs. George's circumstances—that she had available means of her own with which to meet this note—then the purchase was made, not upon her merely personal credit, but upon the credit of her separate estate.] If that is the case, and you are satisfied of that, she is certainly entitled to recover in this case. But you must be clearly satisfied; the laboring oar is upon her, and you must be satisfied clearly that she was at the time of the levy by the sheriff the real owner of this store. If you are so satisfied, then it is a case which sometimes happens in this world, where in the battle of life the husband has been beaten back and down, and the wife, having some resources of her own, steps in and takes his place and with her own private property undertakes to earn sufficient for the support of the family.

. . . . . . . . .

"Now, gentlemen of the jury, you have but one verdict to find here either in favor of the plaintiff or in favor of the defendants, who are the plaintiffs in the execution upon which these goods were levied. Mrs. George comes in here and makes claim to the ownership of that property, and an issue has been framed in which she is plaintiff and the execution creditors, Gregg, Son & Company, are defendants. Now, gentlemen of the jury, if you are clearly satisfied that the goods levied upon by the sheriff belonged at the time of the levy to Mrs. George, then you will find a verdict in her favor; if you are not so satisfied, your verdict must be for the defendants."

The jury returned a verdict for plaintiff, upon which judgment was rendered; and defendants took this writ, assigning as

error the portion of the charge inclosed in brackets and the answers of the court to the points presented.

*Dougan & Todd,* for plaintiffs in error.—It is error to submit a question to the jury of which there is no evidence.  Gilchrist v. Rogers, 6 Watts & S. 488; Evans v. Mengel, 1 Pa. St. 68; Jones v. Wood, 16 Pa. 39; Kirkpatrick v. Vanhorn, 32 Pa. 131; Bogle v. Kreitzer, 46 Pa. 465; Jordan v. Headman, 61 Pa. 176.

It was contended that if McFadden became surety for Mrs. George in consequence of his knowledge of her circumstances, the credit was obtained on the proper basis; and the question whether or not McFadden did so become surety was submitted to the jury on the authority of Shuster v. Kaiser, 111 Pa. 215, 2 Cent. Rep. 37, 2 Atl. 110.

But the cases are essentially different.

In Shuster v. Kaiser, Speck, the vendor, testified that he sold the goods solely on the credit of Weiler Brothers; and Emanuel Weiler testified that he indorsed the notes because he knew that Mrs. Kaiser had a separate estate.

This evidence clearly warranted a submission to the jury of the question whether or not the credit was given to Mrs. Kaiser on the footing of her separate estate.  But here there was absolutely no evidence that McFadden's action in becoming surety was induced by his knowledge of Mrs. George's circumstances.

It was the duty of the court to say whether there was any evidence which ought reasonably to satisfy the jury as to the essential fact of the defense.  Hyatt v. Johnston, 91 Pa. 200; Egbert v. Payne, 99 Pa. 244.

The scintilla doctrine is exploded.  Raby v. Cell, 85 Pa. 82; Hyatt v. Johnston, 91 Pa. 200; Philadelphia & R. R. Co. v. Schertle, 97 Pa. 454.

It is error which cannot be too closely observed or unsparingly corrected to submit a fact destitute of evidence.  Stouffer v. Latshaw, 2 Watts, 167, 27 Am. Dec. 297.  See also Gilchrist v. Rogers, 6 Watts & S. 488; Evans v. Mengel, 1 Pa. St. 68; Jones v. Wood, 16 Pa. 39; Kirkpatrick v. Vanhorn, 32 Pa. 131; Bogle v. Kreitzer, 46 Pa. 465; Jordan v. Headman, 61 Pa. 176.

The presumption that goods found in the husband's possession are those of the husband is a violent one.  Keeney v. Good, 21 Pa. 355.

The proof of the wife's ownership must be of a character which does not admit of a reasonable doubt. Gamber v. Gamber, 18 Pa. 366.

The proof must be clear and full. Gault v. Safflin, 44 Pa. 307; Baringer v. Stiver, 49 Pa. 131.

It is only where property is bought by a *feme covert* out of her own separate estate, or where that estate is the basis of the credit obtained, that the property is protected from the husband's creditors. Seeds v. Kahler, 76 Pa. 262; Lochman v. Brobst, 102 Pa. 487; Leinbach v. Templin, 105 Pa. 525, 526; Pier v. Siegel, 107 Pa. 507, 508.

*J. P. Miller,* for defendant in error.—The crucial test of the evidence required in cases of this kind is this, Did the wife pay for the property with her own separate funds? Gamber v. Gamber, 18 Pa. 363; Keeney v. Good, 21 Pa. 355.

But it is argued that the defendant in error purchased the remnant of the drug store upon the credit of the indorsement of her note by Thomas McFadden, and that it is not shown that he indorsed her note upon the credit of her separate estate. It is true that no one distinctly testified that he did so indorse the note. But that is of no weight if all the other circumstances of the case go to show that defendant purchased on the credit of her separate estate. Seeds v. Kahler, 76 Pa. 262.

Per Curiam:

This case was properly ruled and submitted to the jury. We agree with the learned judge, that if Thomas McFadden became surety on Mrs. George's note, which was used for the purchase of the goods in controversy, in consequence of his knowledge that she was possessed of available means sufficient to meet the note when due, then the purchase was made, not upon her personal credit merely, but upon that of her separate estate.

The judgment is affirmed.